IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADAM HOLDERBAUM, Y13922,           )
                                   )
                  Plaintiff,       )
                                   )
vs.                                )
                                   )
DIRECTOR HUGHES,                   )     Case No. 25-cv-1943-DWD
JOHN DOE (LIABILITY INSURER),      )
G. LITTLE,                         )
K. SMITH,                          )
J. URASKI,                         )
PAIGE LONG,                        )
JOHN DOE (HEARING                  )
INVESTIGATOR),                     )
J. BARWICK,                        )
JOHN DOE (ASST. WARDEN OF          )
OPERATIONS),                       )
JOHN DOE (ASST. WARDEN             )
OF PROGRAMS),                      )
JOHN DOE (INSTITUTIONAL            )
RECORDS OFFICER),                  )
                                   )
                                   )
                  Defendants.      )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Adam Holderbaum, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Hill Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to disciplinary proceedings in July of 2024 at Pinckneyville Correctional Center. Plaintiff's Amended Complaint (Doc. 12) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Amended Complaint**

Plaintiff alleges that on July 23, 2024, he was removed from general population and placed in segregation for various security threat group offenses. (Doc. 12 at 8). He alleges that Defendants Hughes, Little, Smith, Uraski, Barwick, and all of the John Doe Defendants violated his rights in association with the alleged discipline by failing to have his disciplinary proceedings reviewed by a hearing investigator as required by the prison's Administrative Directives. (*Id.* at 9). He also complains that on August 2, 2024, when he was served a copy of the disciplinary ticket, he requested that the reliability of confidential informants be tested by polygraph, but this was not done. (*Id.* at 10).

Plaintiff also challenges the fact that Defendant Uraski recorded that he submitted a written statement for his disciplinary hearing, but when he later sought a copy he was informed that there was no written statement in his institutional file. (Doc. 12 at 11). He contends Uraski interviewed him about the allegations and Uraski insisted that Plaintiff would be found guilty on Uraski's word alone. (*Id.*). Plaintiff alleges that Uraski, Smith, Little, Long, Barwick, and four of the John Does violated his rights by failing to substantiate the offenses identified in the disciplinary report. (*Id.* at 11-12).

Plaintiff claims that Defendants Hughes and Long did not provide an impartial review of his challenge to the discipline via the grievance process. (Doc. 12 at 12). Specifically, he charges that Long lied in the review process because she did not note the absence of a signature by the hearing investigator. (*Id.* at 13).

As a result of the alleged problems with the disciplinary process, Plaintiff faults Defendants Barwick, Little, Smith, Uraski, Long, and three of the John Does with subjecting him to an atypical and significant hardship without verifying witness credibility. (Doc. 12 at 13). He claims he lost good time credit, had a six month restriction on visits, and was transferred to IDOC's worst prison, Menard Correctional Center. (*Id.* at 13-14). He further alleges that he mentally and physically deteriorated due to the lack of fresh air for multiple weeks at a time, the frequent use of chemical agents four out of five days a week, and the death of multiple inmates. (*Id.* at 14).

Plaintiff seeks monetary compensation. (Doc. 12 at 18). In support of the complaint he submitted his disciplinary ticket and the Adjustment Committee's final disciplinary summary, as well as some of his grievance documentation. (Doc. 12 at 19-29). The summary reflects that Plaintiff spoke at the hearing and submitted a written statement. (Doc. 12 at 22). The summary indicates that Plaintiff received 3 months in segregation, a disciplinary transfer, and a revocation of 3 months of good time credit. (*Id.*). Plaintiff also submitted excerpts of the prison's Administrative Directives.

Plaintiff breaks his amended complaint into enumerated claims, and for purposes of this Order, the Court will adopt his designation of claims as follows:

**Claim 1:** Fourteenth Amendment Due Process claim against Defendants Hughes, Little, Smith, Uraski, Barwick, and all five John Does for failing to ensure staff were adequately trained on the prison discipline Administrative Directives;

**Claim 2:** Fourteenth Amendment Due Process claim against Defendants Barwick, Little, Smith, Uraski, Long, and two John Does for transferring him without a reclassification hearing;

**Claim 3:** Fourteenth Amendment Due Process claim against Defendants Barwick, Uraski, Smith, Long, Little, and three of the John Does for subjecting Plaintiff to an atypical and significant hardship without testing the veracity of confidential sources in the disciplinary process.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

<u>Analysis</u>

As the Court noted upon review of Plaintiff's original complaint, an inmate cannot use a § 1983 action to secure money damages against prison officials related to disciplinary proceedings where good time credit was lost. In *Morgan v. Schott*, 914 F.3d 1115 (7th Cir. 2019), an Illinois inmate appealed the dismissal of his due process claim against prison officials for refusing to call his witness at a disciplinary hearing that resulted in the loss of good time credit, among other punishments. The *Morgan* Court held that the inmate's suit for damages under § 1983 was barred by *Heck v. Humphrey*, 512

U.S. 486-87 (1994), which requires in the disciplinary context that an individual successfully seek the invalidation of prison discipline before seeking related monetary damages. *Morgan*, 914 F.3d at 1119. In closing, the *Morgan* Court concluded that it was appropriate to dismiss the inmate's claims as *Heck* barred without prejudice because the inmate could theoretically seek to invalidate his discipline and then return for monetary damages under § 1983 at a later occasion.

Here, Plaintiff's allegations in Claims 1 and 3, concerning the Due Process he received for his disciplinary proceedings, are squarely barred by *Morgan*. Plaintiff lost three months of good time credit and his challenges in Claims 1 and 3 would directly undermine the disciplinary outcome, but he has not shown that the discipline has been invalidated or that the good time credit has been restored. Thus, Claims 1 and 3 must be dismissed without prejudice.

Claim 2, Plaintiff's challenge to his prison transfer, meets the same fate. First, as a direct consequence of the disciplinary proceedings the claim is barred for the reasons explained in *Morgan*. Second, as the Court previously explained, inmates do not have a protected liberty interest in prison placement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated"). A constitutionally protected liberty interest may be at issue, however, if Plaintiff is subjected to conditions at one prison, which represent an atypical and significant hardship relative to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Plaintiff has done very little to describe the conditions he faced, nor did he relate them to

his prior conditions of confinement.  At most, he says he was transferred to the "worst" prison, he went weeks at a time without fresh air, and he was exposed to chemical agents multiple days a week.  The Court does not view these few assertions as sufficient to demonstrate an atypical and significant hardship.  Thus Claim 3 is subject to dismissal.

For all of the foregoing reasons Plaintiff's Amended Complaint is insufficient, and the Court does not believe further opportunities to amend would change the outcome. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile).  As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

Plaintiff has filed a Motion for Recruitment of Counsel wherein he requests counsel based solely on the fact that he only has a G.E.D. for education.  (Doc. 13 at 2). When confronted with a request under § 1915(e)(1) for recruited counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second

inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted). Plaintiff did not provide any proof that he attempted to secure his own counsel yet, so his Motion must be denied. Furthermore, the Court does not find that the appointment of counsel would change the outcome of this case because dismissal is necessary under *Morgan*.

### DISPOSITION

Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Recruitment of Counsel (Doc. 13) is **DENIED**. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: May 7, 2026                   /s *David W. Dugan*

                                     DAVID W. DUGAN
                                     United States District Judge